FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 09 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————X

MARGIE BLOOME, Administrator for the
Estate of Daron Rhashawn Trollinger,

               Plaintiff,

      - against -

ELISHABAH MARSHALL,

               Defendant.

————————————————————————X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
14-CV-3159 (ARR)(CLP)

ROSS, United States District Judge:

On May 13, 2014, pro se plaintiff Margie Bloome ("Bloome") filed this action. By Order dated June 11, 2014, the court denied plaintiff's application to proceed in forma pauperis because it found that Bloome's financial declaration did not support a finding of indigency. Dkt. #4. The court directed plaintiff to submit the filing fee if she wished to proceed with the action. Id. The Order also placed plaintiff on notice that her complaint could only proceed if the court has subject matter jurisdiction, and even if the court has subject matter jurisdiction, the complaint still could be subject to dismissal on other grounds, such as if it fails to state a claim to relief that is plausible on its face. Id.

On June 26, 2014, plaintiff submitted the filing fee and an amended complaint. For the reasons set forth below, the action is dismissed for lack of subject matter jurisdiction.

1

## BACKGROUND

Bloome's amended complaint is nearly identical to her initial complaint and makes the same allegations. Bloome, a resident of New York, is the grandmother of Daron Rhashawn Trollinger ("Trollinger"), who was murdered in Pennsylvania on May 16, 2012. On May 29, 2012, Bloome was granted Letters of Administration by a Pennsylvania official as the administrator of Trollinger's estate. She brings this action against her grandson's girlfriend, Elishabah Marshall ("Marshall"), whom she accuses of defrauding Trollinger's estate of $700.00. Bloome alleges that, five hours after her grandson was murdered, Marshall telephoned Commerce Bank and had a new ATM card issued to Trollinger and mailed to her apartment. On June 1, 2012, Marshall used the new card at an ATM in Camden, New Jersey to withdraw $707.34 in Social Security funds from Trollinger's account.

Bloome brings this action against Marshall alleging bank fraud, identity theft, "interstate delivery of stolen item, use of privat[e]ly own mail company to deliver stolen items, [and] use of telephone to commit crime." Amended Compl., Dkt. #5, at 2. In her amended complaint, unlike her initial complaint, plaintiff states the remedy that she seeks in bringing this action. Plaintiff wishes to have defendant "and John Doe if applicable" criminally prosecuted. Id. at 4. She also seeks damages of five million dollars. Id.

## DISCUSSION

A plaintiff, even if proceeding pro se, must establish that the court has subject matter jurisdiction over the action. See Hamm v. United States, 483 F.3d 135, 137 (2d Cir. 2007) (noting that plaintiff has burden of proving by a preponderance of the evidence that subject matter jurisdiction exists); Ally v. Sukkar, 128 F. App'x 194, 195 (2d Cir. 2005) ("Although we

construe a pro se plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (internal citations omitted).

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005); Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived, United States v. Cotton, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court sua sponte. Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Where a court lacks subject matter jurisdiction, dismissal is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see also Fed. R. Civ. P. 12(h)(3).

The subject matter jurisdiction of the federal courts is limited to only two circumstances: when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. The court does not have subject matter jurisdiction over this complaint under either of these provisions for the reasons set forth in the court's June 11, 2014 Order and below.

A federal court has subject matter jurisdiction when a complaint presents a federal question. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is

3

governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The facts alleged by plaintiff in the amended complaint do not suggest a claim under the United States Constitution or any federal laws. See Fisher v. Silverstein, No. 99 Civ. 9657(SAS), 2004 WL 1933610, at *5 n.60 (S.D.N.Y. Aug. 30, 2004) ("The general allegation of the existence of a Federal question is ineffective unless the matters constituting the claim for relief as set forth in the complaint raise a Federal question."). To the extent that plaintiff seeks to prosecute Marshall and "John Doe" for bank fraud, identity theft, or other crimes, this is not her province. Leeke v. Timmerman, 454 U.S. 83, 85–86 (1981) (private citizen has no right to the prosecution or nonprosecution of another individual). Therefore, the court does not have federal question jurisdiction over this action.

Nor does the court have diversity jurisdiction over this action. A federal court has subject matter jurisdiction over a state law claim if the plaintiff and defendant(s) are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff lives in New York, but since she brings this action in her capacity as the administrator of her grandson's estate, she is deemed to be a citizen of the same state as her grandson. 28 U.S.C. § 1332(c)(2). It appears from Bloome's submissions that her grandson was a resident of Pennsylvania at the time of his death, and Bloome presents no facts to the contrary. Therefore, the court does not have diversity jurisdiction over plaintiff's claim against Marshall, who is identified in the amended complaint as a resident of Pennsylvania. Moreover, since plaintiff's claim against Marshall relates to the $700 allegedly taken from Trollinger's bank account, this claim fails to satisfy the amount in controversy requirement. Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269,

273 (2d Cir. 1994) ("[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy."); Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.").

## CONCLUSION

Accordingly, the court dismisses this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). See Arbaugh, 546 U.S. at 514. Any state law claims are dismissed without prejudice. Although plaintiff paid the filing fee to commence this action, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
July 9, 2014